STEPHANIE S. CHRISTENSEN
Acting United States Attorney
SEAN D. PETERSON
Assistant United States Attorney
Chief, Riverside Branch Office
ROBERT S. TRISOTTO (Cal. Bar No. 314178)
SONAH LEE (Cal. Bar No. 246024)
Assistant United States Attorneys
Riverside Branch Office
    3403 Tenth Street, Suite 200
    Riverside, California 92501
    Telephone: (951) 276-6211/6924
    Facsimile: (951) 276-6202
    Email:    Robert.Trisotto@usdoj.gov
             Sonah.Lee@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ED CR No. 19-00377-VAP |
| Plaintiff, | UNITED STATES' MOTION *IN LIMINE* NO. 3 TO PRECLUDE IMPROPER TESTIMONY, EVIDENCE, REFERENCES, AND ARGUMENT AT TRIAL |
| v. | |
| STEFANI KASEY MARIE STEVENS, | |
| Defendant. | Hearing Date: October 4, 2022<br>Hearing Time: 9:00 a.m.<br>Location:   Courtroom of the Hon. Virginia A. Phillips |

Plaintiff United States of America, by and through its counsel of record, the Acting United States Attorney for the Central District of California and Assistant United States Attorneys Robert S. Trisotto and Sonah Lee, hereby moves *in limine* to preclude improper testimony, evidence, references, and argument at trial.

On September 1, 2022, the parties met and conferred concerning the substance of this motion and defense counsel informed the United States that defendant objects to this motion.

This motion is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: September 6, 2022          Respectfully submitted,

                                          STEPHANIE S. CHRISTENSEN
                                        Acting United States Attorney

                                        SEAN D. PETERSON
                                        Assistant United States Attorney
                                        Chief, Riverside Branch Office

                                          */s/*
                                        ROBERT S. TRISOTTO
                                        SONAH LEE
                                        Assistant United States Attorneys

                                        Attorneys for Plaintiff
                                        UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

At trial, the United States anticipates that defendant Stefani Stevens ("defendant") may attempt to elicit testimony, introduce evidence, make references, or present argument concerning her asserted history with sexual trauma, her asserted mental health issues, and/or the punishment she faces, all of which are not relevant and would be an improper attempt to nullify the jury.  Thus, the United States moves *in limine* to exclude testimony, evidence, references, and argument concerning defendant's past sexual trauma, mental health issues, and the possible punishment here, or that otherwise seek to nullify the jury.

**II.   FACTS**

An overview of defendant's conduct is set forth in the United States' first motion *in limine* to allow the United States to introduce records produced by Google LLC into evidence without calling a records custodian to testify, filed June 10, 2022.  (ECF No. 40.)  For purposes of judicial economy and efficiency, the United States incorporates that overview here.  (ECF No. 40 at 1.)

**III.  ARGUMENT**

**A.   Jury Nullification is Impermissible**

The Court should preclude defendant from introducing testimony or evidence, or making references or argument that seek to nullify the jury.

It is well-established that a defendant does not have a right to a jury nullification instruction. *United States v. Powell*, 955 F.2d 1206, 1213 (9th Cir. 1992).  Because defendant has no such right, defendant also has no right to present evidence relevant only to

nullifying the jury.  As explained in a concurring opinion in *Zal v. Steppe*, "neither a defendant nor [her] attorney has a right to present to a jury evidence that is irrelevant to a legal defense to, or an element of, the crime charged.  Verdicts must be based on the law and the evidence, not on jury nullification as urged by either litigant."  968 F.2d 924, 930 (9th Cir. 1992) (Trott, J., concurring).

Additionally, under Federal Rules of Evidence 401 and 403, argument or evidence aimed simply at jury nullification are not relevant and also will unnecessarily confuse and mislead the jury.

**B.     Sexual Trauma and Mental Health**

Defendant has provided the United States with two reports -- one from a Clinical Psychologist and one from a Neuropsychologist -- which essentially concern her asserted past-sexual trauma and mental health struggles.  In particular, the reports describe an evaluation of defendant and discuss, among other things, how defendant has a history of sexual trauma, learning difficulties, depression, and anxiety.  Defendant has not provided notice of any intention to rely on a qualifying affirmative defense concerning any of these issues. Defendant has also not disclosed any anticipated expert testimony that might somehow rely on these buckets of information.

Because testimony or evidence of, and references or arguments concerning defendant's sexual trauma, learning difficulties, depression, and anxiety are irrelevant to any element or valid legal defense to the crimes charged, and because their only purpose would

be to attempt to nullify the jury, the Court should exclude all of them.[1]

### C. Penalties

The Court should further preclude defendant from presenting testimony or evidence and from referencing or arguing the potential penalties defendant faces if she were convicted. Potential penalties that a defendant faces are irrelevant to the jury's determination of her guilt or innocence. *See* Fed. R. Evid. 401; *United States v. Rogers*, 422 U.S. 35, 40 (1975) (jury should reach its verdict without regard to the sentence that might be imposed); *United States v. Frank*, 956 F.2d 872, 879 (9th Cir. 1991) ("It has long been the law that it is inappropriate for a jury to consider or be informed of the consequences of their verdict."). Indeed, Ninth Circuit Model Criminal Jury Instruction 6.22 explicitly instructs the jury that it may not consider punishment when deciding whether the United States has proved its case against defendant beyond a reasonable doubt. Any mention of the potential penalties faced would serve only the improper purpose of jury nullification. *See, e.g., United States v. Reagan*, 694 F.2d 1075, 1080 (7th Cir. 1982) ("The authorities are unequivocal in holding that presenting information to the jury about possible sentencing is prejudicial.") (internal quotation marks omitted).

---

[1] If defense counsel were to make any jury nullification arguments, the Court should, at a minimum, provide a curative instruction to the jury to disregard it. *See United States v. Blixt*, 548 F.3d 882, 892 (9th Cir. 2008) (holding that the district court acted within its discretion when it gave curative instructions in light of the jury nullification arguments made during closing argument).

Thus, the United States requests that defendant be precluded from presenting testimony, evidence, reference, and argument about any potential penalties she faces, particularly during closing argument.

**IV.  CONCLUSION**

The Court should grant the United States' motion *in limine* no. 3 and preclude defendant from presenting testimony, evidence, reference, and argument that encourage jury nullification at trial.