CUAUHTEMOC ORTEGA (Bar No. 257443)
Federal Public Defender
HOWARD SHNEIDER (Bar No. 309492)
(E-Mail: howard_shneider@fd.org)
Deputy Federal Public Defender
321 East 2nd Street
Los Angeles, California 90012-4202
Telephone: (213) 894-2854
Facsimile: (213) 894-0081

Attorneys for Defendant
STEFANI KASEY MARIE STEVENS

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　Plaintiff,<br><br>　　　v.<br><br>STEFANI KASEY MARIE STEVENS,<br><br>　　　　　Defendant. | Case No. ED CR 19-377-VAP<br><br>**TRIAL MEMORANDUM REGARDING COUNT ONE** |

　　　Stefani Stevens, through her counsel, files this trial memorandum regarding count one. In anticipation of trial, Stevens submits the following memorandum of points and authorities to lay out the jurisdictional deficiencies in count one.

　　　　　　　　　　　　　　　　　　　Respectfully submitted,

　　　　　　　　　　　　　　　　　　　CUAUHTEMOC ORTEGA
　　　　　　　　　　　　　　　　　　　Federal Public Defender

DATED: September 27, 2022　　　　By　/s/ *Howard Shneider*
　　　　　　　　　　　　　　　　　　　Howard Shneider
　　　　　　　　　　　　　　　　　　　Deputy Federal Public Defenders
　　　　　　　　　　　　　　　　　　　Attorney for Stefani Kasey Marie Stevens

## MEMORANDUM OF POINTS AND AUTHORITIES

The government charged Stevens in count one with obtaining custody of a minor with intent to produce child pornography, in violation of 18 U.S.C. § 2251A(b). Under the plain language of the statute, the government can make out the charge by proving the defendant either: 1) "purchases . . . a minor"; 2) "obtains custody or control of a minor"; *or* 3) "offers to purchase or otherwise obtain custody or control of a minor." 18 U.S.C. § 2251A(b). Here, the government charged Stevens under a theory that she obtained custody or control of a minor. As the indictment reads: "Stevens . . . obtained custody and control of Victim 1, a minor." Indictment, Dkt. 11. Thus, the government charged Stevens with actually obtaining custody or control of Victim 1, but *not* with *offering* to obtain custody or control of Victim 1. These are different crimes.

A person may be punished for violating § 2251A(b) only if "any of the circumstances described in subsection (c) of [that statute] exists." 18 U.S.C. § 2251A(b). Those jurisdictional circumstances are that: "(1) in the course of the conduct described in such subsections the minor or the actor traveled in or was transported in or affecting interstate or foreign commerce; (2) any offer described in such subsections was communicated or transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means including by computer or mail; or (3) the conduct described in such subsections took place in any territory or possession of the United States." 18 U.S.C. § 2251A(c).

Both the indictment and the government's proposed jury instruction for count one rely on § 2251A(c)(2)'s jurisdictional hook—that a purported offer to obtain custody or control of the infant was communicated or transported using any means or facility of interstate or foreign commerce or in or affecting interstate or foreign commerce by any means, including by computer. That provision applies only to "any offer described in" subsection (b). The problem is that the indictment alleges only an obtain-custody-or-control crime, not an offer-to-obtain-custody-or-control crime. In other words, Stevens is charged with the crime of *obtaining* custody or control, not

1

*offering* to obtain custody or control. The plain text of the statute establishes that the offer-based jurisdictional hook can be used only for a crime where the offer itself is an element, and that's not the situation here.

The government cannot fix this problem at trial because the Constitution precludes trial on felony charges absent indictment by a grand jury. U.S. Const., Amend. V; *Stirone v. United States*, 361 U.S. 212, 215 (1960). It also guarantees a defendant's right to be informed of the nature and cause of the accusations made in criminal prosecutions. U.S. Const., Amend. VI. These indictment requirements protect a defendant in three ways: first, they require the government to prove to a group of unbiased and independent citizens that there is probable cause for the charges; second, they provide notice to the defendant of the precise conduct alleged so that she may prepare a defense; finally, they protect the defendant against another prosecution for the same offense. *Russell v. United States*, 369 U.S. 749, 760-64, 771 (1962); *United States v. Jingles*, 702 F.3d 494, 500-01 (9th Cir. 2012). Once the grand jury returns an indictment, only the grand jury may broaden it through amendment. *Stirone*, 361 U.S. at 215-16. Because the grand jury has the exclusive prerogative to finally determine the charges, neither a prosecutor nor a judge can alter those charges to conform to what they think the grand jury should or might have done. *United States v. Ward*, 747 F.3d 1184, 1189 (9th Cir. 2014).

Deviations from an indictment at trial fall into two categories—constructive amendment and variance. *Id.* A constructive amendment occurs when the charging terms of the indictment are altered, either literally or in effect, by the prosecutor or court. *Id.* at 1190. "Discrepancies between an indictment and evidence presented at trial amount to a constructive amendment in two general situations: first, when there is a complex set of facts distinctly different from those set forth in the charging instrument such that the defendant lacked notice; and second, when the crime charged was substantially altered at trial, so that it was impossible to know whether the grand jury would have indicted for the crime actually proved." *United States v. Lopez*, 4 F.4th 706,

2

727-28 (9th Cir. 2021) (cleaned up); *see also United States v. Singh*, 995 F.3d 1069, 1078 (9th Cir. 2021); *United States v. Soto-Barraza*, 947 F.3d 1111, 1118-19 (9th Cir. 2020); *United States v. Davis*, 854 F.3d 601, 603-05 (9th Cir. 2017). That deprives the defendant of her right to be tried only on charges that have passed the scrutiny of the grand jury. *Jingles*, 702 F.3d at 501. A constructive amendment always requires reversal. *Stirone*, 361 U.S. at 217-18; *Ward*, 747 F.3d at 1189.

A variance occurs when the charging terms of the indictment are unaltered but the trial evidence proves facts materially different from those alleged in the indictment. *Ward*, 747 F.3d at 1189-90. That deprives a defendant of both the required notice of the details of the charges and the protection against a subsequent prosecution. *Jingles*, 702 F.3d at 501. A variance requires reversal if it prejudices the defendant's substantial rights. *Ward*, 747 F.3d at 1189-90.

Again, the indictment alleges an obtain-custody-or-control crime but not a jurisdictional allegation consistent with that crime; instead, it contains a jurisdictional allegation relevant only to an unalleged offer-to-obtain-custody-or-control crime. The government can neither prove a different § 2251A(b) crime nor a different § 2251A(c) jurisdictional element without constructively amending, or at least fatally varying from, the indictment. The government therefore can't prove count one, so at trial, Stevens will ask the Court to find her not guilty on that count.

Respectfully submitted,

CUAUHTEMOC ORTEGA
Federal Public Defender

DATED: September 27, 2022      By  */s/ Howard Shneider*

Howard Shneider
Deputy Federal Public Defenders
Attorney for Stefani Kasey Marie Stevens

3